J. L. PFAU ET AL., Respondents, v. T. BREITENBURGER ET AL., Appellants.

March 17, 1885.

1. EQUITY—PRACTICE—FORMER APPEAL—SECOND TRIAL.—The amount of the former decree is conclusive upon the plaintiff, respondent, in an equity proceeding. on a second trial, the cause having been remanded for a re-trial of matters not affecting the amount of the recovery.

2.—Such a cause being remanded with instructions to the trial court to take evidence affecting the form of the decree, not the extent of the recovery, the court cannot restate the account and give to the respondent an amount not warranted by the former decree.

3.—The trial court cannot, under such circumstances, base its decree upon the evidence upon which the former decree was rendered, but is governed by the amount of that decree itself.

4.—Appellate Practice.—All the necessary facts being before the appellate court in an equity proceeding, it will, instead of remanding the cause, render the proper decree therein.

Appeal from the St. Louis Circuit Court, Horner, J. *Reversed and judgment.*

Louis Gottschalk, for the appellants.

Thoroughman & Valliant, for the respondents.

Rombauer, J., delivered the opinion of the court.

Upon a former trial of this cause the plaintiffs obtained, November 10, 1881, a decree in the trial court against the defendants, Breitenburger & Brass, for the sum of $1950.00, with interest at the rate of six per centum per annum from November 15th, 1881. The decree thus obtained provided that out of the sum of $1950.00 and interest the plaintiffs should pay as soon as they had collected the same to defendants, Harris & Joy, the sum of $165.00 with interest thereon at the rate of six per centum per annum from January 1st, 1877. From the decree thus rendered the defendant Brass appealed to this court, but the plaintiffs, the respondents herein, did not appeal.

Upon the former hearing of the case in this court (13 Mo. App. 595), the decree of the lower court was reversed, and the cause was remanded, not for retrial of the whole cause, however, but for the sole purpose of enabling the lower court to take testimony as to two items, which this court thought ought to be proved to enable the lower court to complete its decree. This court, while sustaining the trial court in other respects, was of opinion that the decree was incomplete, in this: that it failed to make any disposition of an allowance, which defendant Breitenburger had obtained against the estate represented by defendant Brass, and which allowance was based on part of the claim in controversy. This court in its then opinion expressly declared, that whatever errors the trial court might have

committed as against the then appellees, were not subject to review in this court. As far as the appellees were concerned their rights were determined by that decree, regardless of the fact whether the decree was right or wrong. This proposition indeed is elementary.

After the cause was remanded for the purposes afore said, the trial court did not retry the cause, but as commanded by this court heard evidence solely in regard to the two items mentioned in the opinion of this court. In so doing it was clearly right. In restating the account, however, for a new decree, it did not adopt the basis of the former decree of the court, but seems to have taken the testimony on which the former decree was made, and which was not before it, and some comments made upon that testimony in the former opinion of this court, which was not before it for that purpose, and in so doing was clearly wrong. The trial court by this process arrived at a result more unfavorable to defendant Brass than the result arrived at in the former decree, and granted to the respondents herein, who were also respondents in the former appeal, redress somewhat in excess of that demanded in their petition, and largely in excess of the redress granted to them by the former decree, from which former decree the respondents had never appealed.

It cannot be assumed that this court in reversing the former decree, and in remanding the cause for the sole purpose of supplementing the testimony in the case on two points designed to affect the shape of the decree, but not the measure of the recovery, contemplated that the former finding of the trial court should be binding on the appellants as far as it went, but should not be binding on the respondents for any purpose. This would involve a logical absurdity. When the decree was reversed and the parties were limited on re-trial to the investigation of two facts in no way affecting the measure of the recovery, the limitation applied to both parties alike.

If the trial court would have examined with care the former opinion of this court, it would have come to

the conclusion that whatever it said in that opinion on the subject of stating the account between the parties, it said under the impression that the trial court upon the former hearing had taken the $1800.00 note, with its credit of $200.00, as a basis of calculating the redress to which the plaintiffs were entitled, while in point of fact that court had taken the $1500.00 note as such basis. The trial court at the former trial had unquestionably erred in taking the latter note as a basis of its calculations, but its error in that regard was never sought to be reviewed in this court, and never could be reviewed, because it never was excepted to by the parties whom it prejudiced. Nor could the trial court correct this error upon a re-trial of the cause, as it evidently attempted to do, because the cause was not remanded for a re-trial of that issue.

It follows from the foregoing that the decree rendered by the trial court herein must be reversed. Remanding the cause, however, would subserve no useful purpose. As all the elements requisite to enable this court to make a final decree, which were missing when the case was here before, have been supplied by the testimony in the record before us, we are enabled to make a final decree here and will proceed to do so.

The probate court made an allowance in favor of defendant Breitenburger, on the 18th day of October, 1878, against the estate represented by defendant Brass, of $1235.00. This allowance with interest at the rate of six per centum per annum up to November 15, 1881, the date at which the former decree of the trial court capitalizes plaintiff's recovery, amounts to $1462.24. Deducting this amount from the $1950.00, the extent of plaintiff's recovery as fixed by the former decree, leaves $487.76 due plaintiffs on the 15th day of November, 1881, besides the allowance in the probate court, which is to be assigned to them. Judgment for this amount with interest at the rate of six per centum per annum to date of this decree, such amount and interest aggregating $585.13, will be entered for plaintiffs in this court, and in

all other respects the decree of this court will be in conformity with the decree of the trial court at the last trial. Judgment reversed, and decree here in conformity with this opinion. All the judges concur.